IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00011-MSK-BNB

HOME DESIGN SERVICES, INC.,

Plaintiff,

v.

COLLARD PROPERTIES, LLC,
RASMUSSEN CONSTRUCTION SERVICES, LLC, and
KENDALL JAY RASMUSSEN a/k/a JAY RASMUSSEN,

Defendant.

_____

## ORDER
_____

This matter arises on **Defendants Rasmussen Construction Services, LLC and Kendall Jay Rasmussen a/k/a Jay Rasmussen's Motion for Leave of Court to Allow Cross-Endorsement of Expert** [Doc. # 107, filed 3/9/2012] (the "Motion"). The Motion seeks leave for the Rasmussen defendants to cross-endorse Robert Greenstreet, an expert designated by defendant Collard Properties, and to make the cross-endorsement out of time. The Motion is GRANTED.

Although the Motion reports that it is anticipated that the plaintiff will object, no response was received. I assume, as a result, that the plaintiff accedes to the requested relief.

In any event, the Motion should be granted on the merits. Rule 37(c)(1), Fed. R. Civ. P., controls the issue and provides:

> If a party fails to provide information or identify a witness as
> required by Rule 26(a) or (e), the party is not allowed to use that
> information or witness to supply evidence on a motion, at a
> hearing , or at a trial, unless the failure was substantially justified

or is harmless.

In determining whether the failure to disclose is justified or harmless, a court may consider (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. Asher v. Colgate-Palmolive Co., 2011 WL 6934104 at *3 (D. Colo. Dec. 20, 2011).

In this case, there is no surprise or prejudice. I am informed that Dr. Greenstreet was timely disclosed by Collard Properties. The cross-designation "is not a new endorsement and does not interject any new evidence into the litigation." Motion [Doc. # 107] at p. 2. No remedial action is necessary to cure any prejudice or surprise, because there is none. The testimony will not disrupt the trial, and there is no indication of bad faith or willfulness on the part of the Rasmussen defendants.

IT IS ORDERED that the Motion [Doc. # 107] is GRANTED.

Dated March 29, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge