IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00011-MSK-BNB

HOME DESIGN SERVICES, INC.,

Plaintiff,

v.

COLLARD PROPERTIES, LLC,
RASMUSSEN CONSTRUCTION SERVICES, LLC, and
KENDALL JAY RASMUSSEN a/k/a JAY RASMUSSEN,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1) **Plaintiff's Motion to Compel for Contempt and for Sanctions** [Doc. # 114, filed 4/23/2012] (the "Motion to Compel");

(2) Plaintiff's **Motion to Extend Discovery & Dispositive Motion Deadlines** [Doc. # 117, filed 4/26/2012] ("Plaintiff's Motion to Extend");

(3) The **Motion to Withdraw as Counsel** [Doc. # 122, filed 5/3/2012] (the "Motion to Withdraw");

(4) **Rasmussen Defendants' Amended Motion to Reschedule Date of Hearing and Extend Deadline to Respond to Plaintiff's Motion to Compel for Contempt and Sanctions** [Doc. # 134, filed 5/14/2012] (the "Motion to Reschedule"); and

(5) Wyatt's **Unopposed Motion to Extend Summary Judgement Deadline** [Doc. # 137, filed 5/15/ 2012] (the "Wyatt's Motion to Extend").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.

**1. The Motion to Compel**

Responses to the plaintiff's written discovery requests were served on approximately May 15, 2012, after the filing of the Motion to Compel. Although the plaintiff complains that the belated responses are inadequate, they are not before me and I cannot determine whether further relief is necessary.

Rule 37(a)(5)(A), Fed. R. Civ. P., provides:

> *If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

The plaintiff attempted in good faith to obtain the discovery without court action; the Rasmussen defendants' failure to timely make discovery was not substantially justified; and nothing before me suggests that an award of fees and expenses would be unjust. The Motion to Compel expressly seeks an award of the plaintiff's attorney's fees and reasonable expenses, Motion to Compel [Doc. # 114] at p. 6, and the Rasmussen defendants were afforded an

opportunity to respond to that request. Consequently, I grant the Motion to Compel insofar as it seeks an award of the plaintiff's expenses and attorney's fees in bringing it. The sanction is awarded against the Rasmussen defendants jointly and severally, but not against their counsel. The plaintiff shall file a fee petition, in full compliance with the requirements of D.C.COLO.LCivR 54.3, on or before **May 28, 2012**.

The Motion to Compel is denied without prejudice insofar as it seeks further responses to the interrogatories because the belated responses are not before me and I cannot judge their adequacy. The Motion to Compel also is denied as premature insofar as it seeks an order concerning the depositions of the Rasmussen defendants because no notices of deposition ever were served. The Motion to Compel also is denied insofar as it seeks relief concerning the Rasmussen defendants' responses to the requests for production, all responsive documents in their possession, custody, and control having been produced.

### 2. Plaintiff's Motion to Extend

The plaintiff seeks an order extending the discovery cut-off and the dispositive motion deadline in view of the Rasmussen defendants' failure to make discovery and failure generally to participate in the litigation. Below, I grant the Motion to Withdraw by counsel for the Rasmussen defendants. I anticipate that without that counsel, the Rasmussen defendants will abandon their defense of this action and the case will be resolved through the imposition of sanctions.

Plaintiff's Motion to Extend is denied without prejudice. If the Rasmussen defendants abandon their defense, as I anticipate, the Motion to Extend will prove unnecessary. On the other hand, if the Rasmussen defendants participate in the action going forward, I will consider

extending deadlines as may be necessary.

### 3. Motion to Withdraw

Good cause having been shown, the Motion to Withdraw is granted. Jon F. Sands, William B. Stanton, Katherine K. Kust, and the law firm of Sweetbaum Sands Anderson PC are allowed to withdraw and are relieved of any continuing responsibility in the case.

Kendall Jay Rasmussen, an individual, may proceed pro se. I caution Mr. Rasmussen that he personally is responsible for complying with all court orders and time limitations established by any applicable rules. See D.C.COLO.LCivR 83.3D. In addition, pursuant to D.C.COLO.LCivR 10.1M, Mr. Rasmussen has to and including **May 28, 2012**, within which to file and serve a notice of his current mailing address, email address, and telephone number. Failure to comply with this requirement may result in the imposition of sanctions, including the entry of a default judgment.

Rasmussen Construction Services, LLC, is a legal entity and, absent prompt appearance of substitute counsel, its pleadings, motions, and other papers may be stricken and default judgment or other sanctions may be imposed against it. See D.C.COLO.LCivR 83.3D. Rasmussen Construction Services, LLC, may have to and including **May 28, 2012**, within which to cause substitute counsel to enter its appearance.

### 4. Motion to Reschedule

The Rasmussen defendants seek an order rescheduling the hearing on the Motion to Compel and extending the deadline by which they may respond to the Motion to Compel. A response has been received, Response [Doc. # 135], and the hearing has occurred, at which counsel for the Rasmussen defendants appeared and participated. Accordingly, the Motion to

Reschedule is denied as moot.

### 5. Wyatt's Motion to Extend

Defendant Kaydee Wyatt seeks an extension of the summary judgment deadline to allow supplementation of her pending Motion for Summary Judgment [Doc. # 81] with deposition testimony recently obtained. Rather than allow supplementation, I will deny the Motion for Summary Judgment [Doc. # 81] without prejudice and with leave to refile it, with all supporting evidence, on or before **June 18, 2012**. Wyatt's Motion to Extend is granted to that extent.

IT IS ORDERED:

(1)   The Motion to Compel [Doc. # 114] is GRANTED IN PART and DENIED IN PART as specified above;

(2)   Plaintiff's Motion to Extend [Doc. # 117] is DENIED without prejudice;

(3)   The Motion to Withdraw [Doc. # 122] is GRANTED as specified above;

(4)   The Motion to Reschedule [Doc. # 134] is DENIED as moot;

(5)   Wyatt's Motion for Summary Judgment [Doc. # 81] is DENIED without prejudice and may be renewed on or before June 18, 2012;

(6)   Wyatt's Motion to Extend [Doc. # 137] is GRANTED. Ms. Wyatt may have to and including June 18, 2012, to file a renewed motion for summary judgment; and

(7)   The Clerk of the Court is directed to serve a copy of this order on Rasmussen Construction Services, LLC, and Kendall Jay Rasmussen at rasser@independence.net, which is their last known address and the only contact information available.

Dated May 17, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge