IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00011-MSK-BNB

HOME DESIGN SERVICES, INC.,

Plaintiff,

v.

COLLARD PROPERTIES, LLC,
RASMUSSEN CONSTRUCTION SERVICES, LLC, and
KENDALL JAY RASMUSSEN a/k/a JAY RASMUSSEN,

Defendant.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Petition/Motion for Attorneys' Fees In Support of Award of Sanctions** [Doc. # 153, filed 6/7/2012] (the "Fee Petition"). I GRANT the Fee Petition and award the plaintiff $5,971.00 as its reasonable expenses, including attorneys' fees, incurred in making its Motion to Compel [Doc. # 114].

The plaintiff filed its Motion to Compel [Doc. # 114] on April 23, 2012. Responses to the plaintiff's written discovery requests were served on approximately May 15, 2012, after the filing of the Motion to Compel.

Rule 37(a)(5)(A), Fed. R. Civ. P., provides:

> *If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

I previously ruled that the plaintiff attempted in good faith to obtain the discovery without court action; the Rasmussen defendants' failure to timely make discovery was not substantially justified; and nothing before me suggests that an award of fees and expenses would be unjust. Order [Doc. # 141] at pp.2-3. Consequently, I granted the Motion to Compel insofar as it sought an award of the plaintiff's expenses and attorneys' fees. Id. at p. 3. The sanction was awarded against the Rasmussen defendants jointly and severally, but not against their counsel. Id.

Subsequently, the plaintiff filed its Fee Petition specifying the amount of the award sought. Fee Petition [Doc. # 153]. The Rasmussen defendants did not respond. The Fee Petition complies with the requirements of D.C.COLO.LCivR 54.3, and includes a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and plaintiff's counsels' qualifications and experience.

In calculating a reasonable attorney fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

**1.      Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably

expended by counsel for the party seeking its fees.  The burden of proof lies with the party seeking fees.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The plaintiff is represented primarily by Anthony M. Lawhon, a member of the bar of this court whose office is in Naples, Florida.  Mr. Lawhon utilized the services of a law clerk and a paralegal to assist him in making the Motion to Compel and compiling the Fee Petition.  The Fee Petition reflects the following time expended by Mr. Lawhon and his Florida colleagues:

| | | |
|---|---|---|
| Preparation of the Motion to Compel: | Mr. Lawhon | 3.1 hours |
| | Ms. Taboas | 9.2 hours |
| | Subtotal | 12.3 hours |
| Preparation of Fee Petition: | Mr. Lawhon | 1.2 hours |
| | Ms. Taboas | 7.8 hours |
| | Ms. Layton | .4 hours |
| | Subtotal | 9.4 hours |

In addition, rather than travel to Denver to attend the hearing on the Motion to Compel, Mr. Lawhon engaged the assistance of Nadya Bosch of Holland & Hart as co-counsel.  Ms. Bosch expended 9 hours preparing for and attending the hearing on that motion.  Ms. Bosch includes in the time claimed 2.5 hours for reviewing the pleadings and participating in an initial telephone conference with Mr. Lawhon.

Mr. Lawhon claims an additional 4.6 hours in connection with his dealings with Holland & Hart for such activities as emails and telephone calls to engage them; review of the engagement letter; telephone conferences to prepare Ms. Bosch for the hearing; and review of an "extensive email" from Ms. Bosch summarizing the hearing.

All of the time claimed by Ms. Layton (.4 hour) concerned preparation of a motion to extend time to file the Fee Petition.

I find that the 12.3 hours billed be Mr. Lawhon and Ms. Taboas for the preparation of the Motion to Compel are reasonable, and I will grant the Fee Petition with respect to that time. I will exclude the .4 hour billed by Ms. Layton to prepare a motion for extension of time to file the Fee Petition as unnecessary. The remaining 9 hours claimed by Mr. Lawhon and Ms. Taboas to prepare the Fee Petition are reasonable, and I will grant the Fee Application with respect to that time.

I deny the Fee Petition insofar as it seeks to recover the time expended by Mr. Lawhon in his dealings with Holland & Hart (4.6 hours). The plaintiff may choose to engage counsel who offices far away from this court, but a consequence of that choice may be to incur additional and unnecessary expenses in connection with court appearances. Engaging Holland & Hart as co-counsel to attend the hearing on the Motion to Compel and assisting in its preparation for the hearing are such unnecessary expenses.

I find that 6.5 hours expended by Ms. Bosch to prepare for and attend the hearing on the Motion to Compel are reasonable, but I disallow as unnecessary the 2.5 hours spent by her reviewing pleadings and participating in the initial telephone call with Mr. Lawhon.

In summary, I find that the following time was necessarily and reasonably expended in connection with bringing the Motion to Compel and related Fee Petition:

        Mr. Lawhon:        4.3 hours

        Ms. Taboas:        17 hours

        Ms. Bosch:        6.5 hours.

**2.    Reasonable Hourly Rate**

The plaintiff's attorneys seek an award of fees at the following rates:

      Mr. Lawhon:      $395.00/ hour

      Ms. Taboas:       150.00/ hour

      Ms. Bosch:       265.00/ hour.

The plaintiff bears the burden of establishing that the rates are reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." Id. I am familiar with the rates charged by lawyers in the metropolitan Denver area. In my experience and based on the evidence before me, I find that the rates claimed are consistent with rates charged by lawyers with comparable skill and experience practicing in this market, and are reasonable.

The plaintiff does not request a lodestar adjustment, and I am aware of no reason to make such an adjustment.

**3.    Reasonable Attorneys' Fee Award**

Multiplying the number of hours reasonably incurred by the reasonable hourly rates charged by plaintiff's counsel results in an award of $5,971.00, which I find to be reasonable.

IT IS ORDERED:

(1)    The Fee Petition is [Doc. # 153] is GRANTED as specified;

(2)    The plaintiff is awarded its reasonable and necessary attorneys' fees in making the Motion to Compel in the amount of $5,971.00; and

(3)    The award is made jointly and severally against defendants Rasmussen

Construction Services, LLC, and Kendall Jay Rasmussen.

Dated July 11, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge