IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00011-MSK-BNB

HOME DESIGN SERVICES, INC.,

Plaintiff,

v.

COLLARD PROPERTIES, LLC,
RASMUSSEN CONSTRUCTION SERVICES, LLC, and
KENDALL JAY RASMUSSEN a/k/a JAY RASMUSSEN,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Plaintiff's Motion and Supporting Memorandum for Default Judgment Against Defendant, Rasmussen Construction Services, LLC** [Doc. # 171, filed 7/3/2012] (the "Motion for Default Judgment"). I respectfully RECOMMEND that the Motion for Default Judgment be GRANTED IN PART and DENIED IN PART, as specified, and that judgment by default enter in favor of Home Design Services, Inc., and against Rasmussen Construction Services, LLC ("RCS"), in the amount of $3,199,458.90, plus costs.

**LEGAL STANDARD**

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in relevant part:

> **(b) Entering a Default Judgment;**
>         * * *
> **(2)** *By the Court.* In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like

>fiduciary who has appeared.  If the party against whom a default
>judgment is sought has appeared personally or by a representative,
>that party or its representative must be served with written notice
>of the application at least 7 days before the hearing.  The court
>may conduct hearings or make referrals--preserving any federal
>statutory right to a jury trial--when, to enter or effectuate
>judgment, it needs to:
>**(A)**  conduct an accounting;
>**(B)**  determine the amount of damages;
>**(C)**  establish the truth of any allegations by evidence; or
>**(D)**  investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  A trial court is vested with broad discretion in deciding whether to enter a default judgment.  Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief."  10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits").  In addition:

>Even after default, however, it remains for the court to consider
>whether the unchallenged facts constitute a legitimate cause of
>action, since a party in default does not admit mere conclusions of
>law. . . .  Once the court determines that a judgment by default
>should be entered, it will determine the amount and character of
>the recovery that should be awarded.

10A Wright, Miller &Kane, supra.

**FINDINGS AND CONCLUSIONS**

I find and conclude as follows:

1.  This action was commenced by the filing of a Complaint [Doc. # 1, filed 1/4/2011]. The case is brought under the Copyright Act of 1976, Title 17, United States Code, and jurisdiction exists pursuant to 28 U.S.C. §1338(a).

2.  An Amended Complaint [Doc. # 20, filed 3/21/2011] added RCS as a defendant.

3.  Service of process was perfected against RCS by the service of a copy of the Summons and Amended Complaint on Kendall Rasmussen as registered agent for RCS. Return of Service [Doc. # 46].

4.  RCS appeared and answered the Amended Complaint through counsel on September 7, 2011. Answer [Doc. # 59]. Counsel for RCS was allowed to withdraw by Order [Doc. # 141] entered on May 17, 2012. The Order allowing withdrawal contained the following warning:

> Rasmussen Construction Services LLC, is a legal entity and, absent prompt appearance of substitute counsel, its pleadings, motions, and other papers may be stricken and default judgment or other sanctions may be imposed against it. See D.C.COLO.LCivR 83.3D. Rasmussen Construction Services, LLC, may have to and including **May 28, 2012**, within which to cause substitute counsel to enter its appearance.

Order [Doc. # 141] at p. 4. Substitute counsel did not appear on or before May 28, 2012, as required by the Order or at any time thereafter.

5.  The Clerk of the Court entered default against RCS pursuant to Fed. R. Civ. P. 55(a) on June 13, 2012. Entry of Default [Doc. # 163].

6.  RCS is a private corporation and a legal entity and is not an infant, incompetent

person, officer or agency of the United States or the State of Colorado, or in the military service. Amended Complaint [Doc. # 20] at ¶4; Affidavit of James Zirkel [Doc. # 171-2] (the "Zirkel Aff.") at ¶5.

7.  The Motion for Default Judgment was served on RCS on July 3, 2012, Motion for Default Judgment [Doc. # 171] at p. 13, at its last known address and the address of record on file with the court. See Motion to Withdraw [Doc. # 122] at ¶5. RCS has not responded to the Motion for Default Judgment.

8.  RCS has failed to defend this action after its counsel was allowed to withdraw on May 17, 2012.

9.  The plaintiff alleges in the Amended Complaint, and there is evidence supporting the allegations, that RCS has infringed the plaintiff's copyrights on twelve occasions in connection with the homes located at the following addresses in Delta, Colorado: (i) 1245 Sunrise Drive; (ii) 1241 Sunrise Drive; (iii) 1229 Sunrise Drive; (iv) 1221 Sunrise Drive; (v) 1192 Sunset Court; (vi) 1208 Sunset Drive; (vii) 1280 Sunrise Drive; (viii) 1237 Sunrise Drive; (ix) 1240 Sunset Drive; (x) 1242 Sunrise Drive; (xi) 1200 Sunset Drive; and (xii) 1232 Sunset Drive. See Zirkel Aff. at ¶9; Affidavit of Kaydee Wyatt [Doc. # 171-3] (the "Wyatt Aff.") at ¶¶5, 11.

10. Damages available in copyright infringement cases are governed by 17 U.S.C. § 504(b), which provides:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the

>           infringer is required to prove his or her deductible expenses and
>           the elements of profit attributable to factors other than the
>           copyrighted work.

11. In this case, the unrebutted evidence establishes that the plaintiff has suffered actual damages of $8,990.00. Zirkel Aff. [Doc. # 171-2] at Exh. A. The unrebutted evidence also establishes that RCA's gross revenue from its infringement of the plaintiff's copyrights is $3,181,478.90. Zirkel Aff. [Doc. # 171-2] at Exh. B. RCA has failed to prove any deductible expenses or profits attributable to factors other than the copyrighted works. Consequently, the plaintiff has established damages of $3,190,468.90.

12. The plaintiff also seeks an award of its attorneys fees, but it has failed to comply with the requirements of D.C.COLO.LCivR 54.3. Consequently, I decline to recommend an award of attorneys fees.

13. The plaintiff also seeks an award of its costs. Rule 54(d), Fed. R. Civ. P., provides that costs, other than attorneys fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. The plaintiff should be awarded its costs pursuant to 28 U.S.C. §1920 upon the filing of a bill of costs.

**RECOMMENDATION**

I respectfully RECOMMEND[1] that the Motion for Default Judgment [Doc. # 171] be GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to award the plaintiff damages in the amount of $3,190,468.90;

• GRANTED to award the plaintiff its costs upon the filing of a bill of costs pursuant to 28 U.S.C. § 1920; and

• DENIED insofar as the plaintiff seeks an award of its attorneys fees.

Dated October 16, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).